## Langille v. The Genie Company

*Martin D. Cohen,* for plaintiff.
*Joseph P. Connor III,* for defendant Assembly Plus.
*Kenneth M. Dubrow,* for defendant Home Depot Inc.

BARATTA, *J.,* April 25, 2005—

## STATEMENT OF REASONS

On October 8, 2004, the videotaped deposition of Peter McGauley was taken for use at trial. This deposition was taken in Longwood, Florida, where Mr. McGauley currently resides. Defendant, Assembly Plus Inc., issued the notice of deposition.

By way of factual background, Mr. McGauley was an employee of Assembly Plus and the installer of the garage door opener subject to this litigation. Since the installation, Mr. McGauley has left the employ of Assembly Plus and relocated to Florida. The deposition transcript clearly revealed that Mr. McGauley was agitated and unhappy with the prospect of being deposed.

Almost immediately upon the commencement of the deposition, Mr. McGauley proffered his unsolicited opinion as to causation of plaintiff's injuries. Mr. McGauley volunteered his opinion as to how plaintiff was injured, despite the fact that he did not observe the incident.

At the time that Mr. McGauley proffered his opinion, no objection was made by plaintiff's counsel.

Plaintiff has filed the instant motion in limine to preclude Assembly Plus from presenting that portion of McGauley's deposition containing his unsolicited opinion as to causation. Plaintiff presents two arguments in support of this motion in limine. First, plaintiff claims that Assembly Plus has violated the Rules of Civil Procedure by not presenting expert interrogatories and a report identifying Mr. McGauley as an expert. Therefore, Mr. McGauley's testimony should be stricken as a sanction for the rule violation. Second, plaintiff argues that

Mr. McGauley should not be permitted to testify because he does not qualify as an expert pursuant to Pennsylvania Rule of Evidence 702.

In opposition, Assembly Plus asserts that the failure of plaintiff's counsel to properly place an objection on the record during the deposition resulted in a waiver of this objection. In addition, plaintiff argues that Mr. McGauley's testimony is permitted under our Rules of Evidence and related case law.

*Discussion*

Plaintiff's argument with regard to the violation of the Rules of Civil Procedure is not persuasive.

Pennsylvania Rule of Civil Procedure 4003.5 addresses the obligations of parties regarding the identification and discovery of expert testimony intended to be used at trial. Rule 4003.5 provides, in pertinent part:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the

interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert.

"(b) if the identity of an expert witness is not disclosed in compliance with subdivision (a)(1) of this rule, he shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief." Pa.R.C.P. 4003.5.

The sanctions of Rule 4003.5 are not obligatory. See *Miller v. Brass Rail Tavern Inc.,* 541 Pa. 474, 488 n.5, 664 A.2d 525, 532 n.5 (1995). Our Supreme Court has held that failure to comply with Rule 4003.5 should result in sanctions only if the result would result in prejudice to the innocent party or was the result of bad faith. See *Miller,* 541 Pa. 474, 488 n.5, 664 A.2d 525, 532 n.5.

It is apparent that defendant's intention was to take Mr. McGauley's deposition as a lay witness and not an expert. Mr. McGauley was to testify as to his involvement in installing the garage door opener at issue. The questions asked of Mr. McGauley by defense counsel were questions designed to obtain appropriate lay witness testimony. Mr. McGauley, who was apparently hostile to both plaintiff and the defendants, clearly had his own agenda and was determined to offer his unsolicited opinion as to causation.

We do not believe that the record supports the assertion that defense counsel violated Rule 4003.5.

In the alternative, plaintiff argues that Mr. McGauley should not be permitted to present opinion testimony before the jury because he is not qualified as an expert to give such testimony. Plaintiff cites Pennsylvania Rule of Evidence 702 which provides as follows:

"If scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.*" Pa.R.E. 702. (emphasis added)

Assembly Plus contends that Mr. McGauley was properly qualified to proffer expert testimony. We disagree.

Mr. McGauley's testimony regarding his qualifications were presented after he proffered his opinion on causation. His experience was that, by the year 2000, he had a year's worth of experience installing garage door openers. He also indicated that he had training at "garage door school" for "a couple of weeks, three weeks." See deposition transcript 10/8/05, pp. 15-16.

The Pennsylvania Supreme Court set forth in *Miller v. Brass Rail Tavern,* 541 Pa. 474, 481, 664 A.2d 525, 528 (1995):

"The test to be applied when qualifying an expert witness is whether the witness had *any* reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine." (citations omitted)

While we might accept an argument that Mr. McGauley may qualify as an expert regarding the installation of garage doors, his education and training certainly does not qualify him as an expert in accident reconstruction, engineering or other types of forensic investigation sufficient to render an opinion as to the causation of plaintiff's injuries. Therefore, it is clear that Mr. McGauley's opinion testimony is not permitted under Pennsylvania Rule of Evidence 702.

The next issue we must address is the argument proffered by Assembly Plus that, even if we find that McGauley's opinion testimony is not proper expert opinion under Rule 702, plaintiff waived his objection because counsel failed to make an appropriate objection at the time the opinion was offered during the deposition.

Plaintiff's counsel argues that an appropriate objection was eventually made regarding the opinion testimony, however, our review of the record indicates that it was not made at the time that the opinion was offered. Further, the late objection was made as to the failure to provide an expert report during discovery.

The argument by defense counsel that plaintiff's counsel lost the ability to correct any errors when the objection was not timely made is unpersuasive. The case law cited by Assembly Plus addresses scenarios where no objection is made to an expert opinion proffered during trial before the jury. Here, trial was months away at the time that the opinion was proffered.

We note that the defect regarding Mr. McGauley's response to questioning is substantive and not procedural. We find that defense counsel could not have presented

any question, no matter how carefully crafted, that would have permitted Mr. McGauley to present expert opinion testimony as to causation.

Ultimately, we believe that our decision in this matter is discretionary. Therefore, the factors that we look for are prejudice and bad faith, as well as any equitable or fairness arguments.

First, we find that neither plaintiff nor defendant acted in bad faith regarding this issue. Second, we find that Mr. McGauley's testimony is improper under the Pennsylvania Rules of Evidence.

Third, we find that the defendant would not be prejudiced if we preclude Mr. McGauley's testimony because the defendant has several expert witnesses who have been properly qualified to offer their expert opinion as to causation. Thus, as we understand it, the only benefit that McGauley's testimony would provide the defense is one of cumulation.

Fourth, regarding plaintiff, we find that the expert opinion proffered by McGauley is prejudicial.

Finally, with regard to equitable or fairness issues, the Pennsylvania Rules of Evidence preclude this type of lay opinion testimony simply because the witness has no reasonable experience, education or background which would permit him to proffer a reliable opinion as to causation. Any expert opinion which is proffered from an unreliable source should not be presented to a jury.

For these reasons, even though plaintiff's counsel failed to timely object to Mr. McGauley's opinion testi-

mony, we find such testimony is improper and should be precluded at trial.

## ORDER

And now, April 25, 2005, plaintiff's motion in limine to preclude portions of the deposition testimony of lay witness, Peter McGauley, is hereby granted, as it relates to the unsolicited opinions proffered regarding causation.